UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEARTLAND FOOTWEAR SALES INC. and O'TECH CORPORATION, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) NO. 3:19 CV 1142-PPS-MGG |
| | ) |
| 8215774 CANADA, INC., d/b/a BUTLER BOOTS, and MARC KINGSLEY-POOLE, | )<br>)<br>)<br>) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the Court is Plaintiffs Heartland Footwear Sales, Inc.'s and O'Tech Corporation's Motion for Entry of Default Judgment. [DE 13.] Plaintiffs originally sought default judgment against both defendants. But the Plaintiffs now concede that they did not properly serve defendant, Marc Kingsley-Poole. [DE 15.] As a result, Plaintiffs withdrew their request for a default judgment against Kingsley-Poole but are still seeking default against the Canadian corporate defendant, 8215774 Canada, Inc., d/b/a Butler Boots ("Butler Boots") for breach of contract and check fraud. The request is well supported by a Declaration of Harold W. Sullivan (President and CEO of Heartland), purchase orders, statements of account, invoices, and an affidavit by Christine Stantz (Corporate Director of Finance for O'Tech Corporation, an affiliate of Heartland). [DE 13 at 5-29.] For the following reasons, I will grant Plaintiffs' motion for default judgment and grant the requested damages, interest, and declaratory relief in

the form requested.

## Background

This is an action for breach of contract and check deception. [Am. Compl., DE 11.] The case arises out of a contract between Heartland and Butler Boots for Heartland to manufacture children's footwear. Butler Boots also entered into a sourcing agreement with Heartland's sister company, O'Tech Corporation, for materials. The amended complaint states claims for breach of contract, civil liability for check fraud under Indiana law, and a request for declaratory judgment.

Summons was issued to Butler Boots on December 10, 2019. Service was finally effected on Butler Boots on August 4, 2020, in accordance with Quebec law by: translating the summons and complaint into French, contacting the appropriate Canadian government authority, reviewing the Quebec Corporate Registry which states that the address of the elected domicile for Butler Boots is Dunton Rainville LLP (a law firm in Montreal), and personally delivering the summons and complaint to the receptionist at Dunton Rainville's Montreal office. [DE 15 at 4-9.] Thus I'm satisfied that Plaintiffs effected valid service on Butler Boots under Quebec law and the Hague Convention.

The instant motion for default judgment was filed on December 21, 2020. [DE 13.] Per my request, Plaintiffs filed a memorandum showing why service was proper on Butler Boots and I asked them to mail a copy of my order and the motion for default judgment to Butler Boots. [DE 14, 15.] Defendant Butler Boots has not filed an appearance, answer to the complaint, answer to the amended complaint, or any

response to the motion for default judgment.

## Discussion

Federal Rule of Civil Procedure 55(a) governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default. Fed. R. Civ. P. 55(a). "Entry of default must precede an entry of default judgment." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005). In this case, Plaintiffs have not requested the Clerk to enter default, and an entry of default has not been made. "When deciding a motion for entry of default judgment, if there is no entry of default by the clerk, courts can treat motions as requests for both: (1) an order to the clerk to enter the default; and (2) entry of default judgment." *Hall v. Miller's Health Sys., Inc.*, No. 2:12-cv-151, 2012 WL 4713925, at *1 (N.D. Ind. June 12, 2012); *see also Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982) (stating default may be entered by the court even though Rule 55(a) discusses entry of default by the clerk). Therefore, I'll consider Plaintiffs' motion as a petition for entry of default and a default judgment.

Let's look at whether an entry of default is appropriate first. Defendant Butler Boots is a Canadian national. In their memorandum regarding service of process, Plaintiffs establish that service was properly effectuated against Butler Boots in compliance with the Quebec Code of Civil Procedure as adopted through the Hague Convention. [DE 15.] Butler Boots has failed to file an appearance in this case. Therefore, this first step of default proceedings has been satisfied because Butler Boots

3

has "failed to plead or otherwise defend" and this "failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Once the default has been established, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. So long as the allegations are well-pled, a default judgment generally "establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quotation omitted); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

When a party applies for default judgment under Rule 55(b)(2), I am required to exercise sound judicial discretion in determining whether the judgment should be entered. *Wolf Lake Terminals*, 433 F.Supp.2d at 941. I must consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals*, 433 F.Supp.2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.). All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008). Nevertheless, an entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief. *Franko v. All About Travel Inc.*, No. 2:09-CV-233 JVB, 2014 WL 2803987, at *1 (N.D. Ind.

4

June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In other words, I still have to decide whether damages are appropriate, and in what amount.

In turning to the factors to consider when deciding a motion for default judgment, I first note that there is no material issue of fact. To prevail on a breach of contract claim (Count I), under Indiana law, a plaintiff must establish: (1) the existence of a contract; (2) a breach of that contract by the defendant; and (3) damages suffered by the plaintiff as a result of the defendant's breach. *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). The facts spelled out in the amended complaint are clearly stated, uncontested, and establish each of these criteria. Heartland has established the existence of a contract with Butler Boots by providing a copy of the letter agreement, a production agreement, and a purchase order. [DE 13 at 7, 10-11, 12-16.] The purpose of the contract was for Heartland to manufacture "private label" footwear (children's rain boots) for Butler Boots, to be purchased by Butler Boots for resale under Butler's brand name. [DE 13 at 7.] Heartland manufactured the product ordered by Butler Boots pursuant to the contract. *Id.* Although Butler Boots paid for some of the product manufactured by Heartland, it failed to pay for everything and a substantial balance remains due, which constitutes breach. And Heartland has suffered damages – in the amount of the unpaid principal plus interest – as a result of the breach.

5

Regarding the breach of contract claim as to Plaintiff O'Tech (Heartland's affiliate), the amended complaint alleges O'Tech had an oral contract with Butler to supply Heartland with the raw materials necessary for Heartland to manufacture the children's boots for Butler. [DE 11 at 4.] While O'Tech performed its obligations and supplied the raw materials, Butler Boots failed to pay for some raw materials that were ordered and shipped to Heartland and used to make boots for Butler Boots. [DE 11 at 5.] Therefore, there is no material issue of fact as to O'Tech's breach of contract claim.

There is also no material issue of fact as to the check deception (Count II). [Am. Compl. at 6-7.] Indiana Code § 35-43-5-5(a)(1) provides that "[a] person who knowingly or intentionally issues or delivers a check, a draft, or an order on a credit institution for the payment of or to acquire money or other property, knowing that it will not be paid or honored by the credit institution upon presentment in the usual course of business, commits check deception . . . ." In response to Heartland's invoices and demands for payment, on April 19, 2019, Marc Kingsley-Poole (CEO at Butler) signed and conveyed to Heartland Check Number 000006 drawn on an account held by Butler Boots at the Royal Bank of Canada, Montreal, Quebec, Canada, in the amount of $40,214.03. [DE 13 at 8, 22-23.] On May 10, 2019, the check was returned by the Royal Bank of Canada for insufficient funds, and Heartland's account at Merchants and Manufacturers Bank of Joliet, Illinois, was debited for the full amount of the check. [DE 13 at 8.] On the same date, April 19, 2019, Poole executed another check for $18,905.00 (number 000005) drawn on the Butler Boots account and made payable to O'Tech, which was also

6

returned for insufficient funds. [DE 13 at 25, 29.]  The amended complaint alleges that Poole executed the Heartland and O'Tech checks knowing they would not be paid or honored because there were insufficient funds in the account. [DE 11 at 6.]  Both Heartland and O'Tech tried to contact Butler to obtain payment, but Butler Boots failed to respond to multiple calls and e-mails.  [DE 13 at 8, 9, 26.]

Lastly, there is no question of fact as to Count II, for declaratory judgment/request for trademark and trade dress license. [DE 11 at 8.]  As set forth in the Sullivan Declaration [DE 13 at 5-9], Heartland remains in possession of molds and footwear made for Butler Boots, but which weren't paid for.  Heartland believes these boots it already manufactured are worth approximately $10,000, and the molds made for Butler are also worth approximately $10,000. [DE 13 at 9.]  Heartland wishes to retain the product and molds to recoup part of the funds owed, which would entail selling the boots (probably on the wholesale market) with the "Butler Boots" name already molded in them.  *Id.*  The Contract and Production Agreement, signed by Butler Boots, both specifically state that in the event Butler Boots fails to pay as agreed, Heartland shall have "the full right, licenses and permissions to sell the product produced and materials to any party . . . ."  [DE 13 at 9, 11, 13.]  It is well established that trademark licenses are governed by contract law, and are to be enforced as written. *See Bunn-O-Matic Corp. v. Bunn Coffee Serv., Inc.*, 88 F.Supp.2d 914, 920-21 (C.D. Ill. 2000); *see also Automation by Design, Inc. v. Raybestos Prods. Co.*, 463 F.3d 749, 759-60 (7th Cir. 2006).  Additionally, trade dress rights are likewise licensable under general principles

of contract law. *The Woman's Newspapers, LLC v. Cavanaugh*, No. 05 C 1958, 2005 WL 3591808 (N.D. Ill. Dec. 29, 2005). And, equitable relief can be granted by a court pursuant to a default judgment if a plaintiff shows entitlement to the specific relief requested. *See Walgreen Co. v. Sara Creek Prop. Co.*, 966 F.2d 273 (7th Cir. 1992); *Western Div. Nautilus Ins. Co. v. Front Range Envtl., LLC*, No. 14 CV 50083, 2014 WL 4414516, at *2 (N.D. Ill. Aug. 6, 2014) ("it is well-settled that the court has authority to enter declaratory default judgments as well as default judgments for monetary damages."). Here, under its unambiguous contract with Butler Boots, Heartland is entitled to sell the remaining Butler's children boots to another party and use the molds.

Given that the facts as alleged state claims for breach of contract, check deception, and declaratory judgment/request for trademark and trade dress license, and there are no material facts at issue with the claims, I will also address the other factors I am to consider before entering a default judgment. The default is not largely technical because Butler Boots has been given numerous opportunities to respond to this lawsuit but has failed to do so. Summons was properly served on Butler Boots along with the complaint on August 4, 2020, the amended complaint was mailed to them on December 7, 2020, and I ordered Plaintiffs to mail a copy of the motion for default judgment and my order asking for more briefing to Butler Boots on February 24, 2021 (and they presumably did so). Butler Boots never filed an appearance, answer, or any response to the motion for default judgment in this case.

The third factor also favors a default judgment because Plaintiffs are entitled to a

8

judgment after having suffered damages. Finally, although a default judgment is harsh, Butler Boots surely must be aware of this lawsuit and has decided not to participate. Plaintiffs are therefore entitled to default judgment on their claims.

Because Plaintiffs are entitled to a default judgment on their claims, I must also determine the amount of damages. In the context of a default judgment, the amount of damages must be proven with facts beyond the allegations of the complaint. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co.*, 722 F.2d at 1323. But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, like in this case, such a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

Heartland and O'Tech have supplied this information. Heartland indicates that Butler Boots' total contractual debt to Heartland is $53,809.08 (total invoice amount) + $3,300 (shipping invoice) - $20,000 (allowance for product and molds retained) = $37,109.08, plus interest at 6% (as provided for in Heartland's statements). So, contractual damages are $37,109.08 plus prejudgment interest at 6% (which is an additional $4,453.08 from May 6, 2019 through May 6, 2021), for a total of $41,562.16. [DE 13 at 9.]

Additionally, on the breach of contract claim, O'Tech indicates that is owed $18,905.45, plus the NSF bank fee of $60.00, plus interest in the amount of $461.37,

9

which totals $19,426.82. [DE 13 at 2.]

Regarding the check fraud claim, Heartland has shown that the fraudulent check written to it was for $40,214.03. [DE 13 at 2.] Pursuant to I.C. 34-24-3-1, a person who commits the crime of check deception may be sued for damages of three times the face amount of the check. *See Veach v. Sheeks*, 316 F.3d 690 (7th Cir. 2003). The actual damage ($40,214,03) plus treble damages of $120,642.09, results in total damages of $160,856.12.

Regarding the other fraudulent check written out to O'Tech, O'Tech has shown that the check ($18,905.45) plus treble damages ($56,716.35) results in total damages of $75,621.80. [DE 13 at 2-3.]

And finally, there is the claim for declaratory judgment. Pursuant to the applicable contract, and in an effort to help Heartland recoup some damages if Butler Boots is defunct, a declaratory judgment will be entered acknowledging and adjudicating that Heartland has a limited license to produce, manufacture, and sell Butler brand children's boots using the materials and molds acquired.

**ACCORDINGLY:**

Plaintiffs Heartland Footwear Sales, Inc. and O'Tech Corporation's Motion for Entry of Default Judgment [DE 13] is GRANTED. The Clerk is directed to enter default against Defendant, 8215774 CANADA, INC., d/b/a Butler Boots, and to enter final judgment on all counts in the amended complaint in favor of Plaintiffs Heartland Footwear Sales, Inc. and O'Tech Corporation and against Defendant 8215774

CANADA, INC., d/b/a Butler Boots.

Judgment is ENTERED AS FOLLOWS:

A. Judgment is entered in favor of Plaintiff Heartland Footwear Sales, Inc. and against Defendant Butler Boots on the breach of contract count in the amount of $37,109.08, plus prejudgment interest at 6% ($4,453.08 from May 6, 2019 through May 6, 2021); for a total of $41,562.16.

B. Judgment is entered in favor of Plaintiff Heartland Footwear Sales, Inc. and against Defendant Butler Boots on the check fraud count in the amount of $40,214.03 actual damages plus treble damages of $120,642.09, for a total of $160,856.12.

C. Judgment is entered in favor of Plaintiff O'Tech Corporation and against Defendant Butler Boots on the breach of contract count in the amount of $19,426.82.

D. Judgment is entered in favor of Plaintiff O'Tech Corporation and against Defendant Butler Boots on the check fraud count in the amount of $18,905.45, plus treble damages of $56,716.35 for a total of $75,621.80.

E. The Court finds that pursuant to the contract, Plaintiff Heartland Footwear Sales, Inc. has a limited license to produce, manufacture, and sell "Butler" brand children's boots using the materials and molds acquired on behalf of Defendant Butler Boots in lieu of payment on the above money judgment, and a declaratory judgment is hereby entered acknowledging and adjudicating such license.

**SO ORDERED.**

ENTERED: May 3, 2021

                                         s/ Philip P. Simon
                                         PHILIP P. SIMON, JUDGE
                                         UNITED STATES DISTRICT COURT